UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO:  CASE NO. 6:19-cv-02278-PGB-LRH

KATHERINE KELLEY,

        **Plaintiff,**

vs.

THE FRESH MARKET, INC., and
KENDRICK DEJUAN HOLLIDAY,

        **Defendants.**

                  /

**PLAINTIFF'S SECOND AMENDED RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS <u>AND MEMORANDUM OF LAW IN SUPPORT</u>**

Plaintiff, Katherine Kelley, through the undersigned counsel, hereby files her Second Amended Response to Defendants' Motions to Dismiss and Memorandum of Law in Support and as grounds states:

## I.  <u>BACKGROUND</u>

This case arises out of the injuries Plaintiff, Katherine Kelley ("Kelley"), sustained when she slipped and fell on a puddle of liquid while shopping at a grocery store owned by Defendant The Fresh Market, Inc. ("TFM").  On  August 8, 2019 Kelley initiated this lawsuit in state court by filing a one count complaint against TFM. [D.E. 1-1].

Subsequently, on September 13, 2019, the undersigned became counsel of record in the matter and filed an Amended Complaint adding Co-Defendant Kendrick Dejuan Holliday ("Holliday") as the store manager who was responsible for the training and supervision of TFM employees. [D.E. 1-5].  Kelley's Amended Complaint alleged two causes of action against TFM

1

for negligence and negligent supervision, as well as a cause of action against Holliday for his own negligence. [*Id.*]

Neither Defendant responded to Plaintiff's Amended Complaint, Interrogatories, or Requests to Produce, and Plaintiff was forced to file a Motion to Compel said discovery [D.E. 1-4 pp. 36-37] as well as an Application for Default [D.E. 1-4 pp. 32-35]. On December 2, 2019, TFM filed its Notice of Removal and this matter was removed from the 9th Judicial Circuit, in and for Osceola County, Florida. [D.E. 1]. On December 6, 2019 Defendant Holliday filed his Motion to Dismiss Plaintiff's Amended Complaint. [D.E. 5]. On December 12, 2019, Defendant TFM filed its Motion to Dismiss Amended Complaint or Alternatively Motion for More Definite Statement. [D.E. 8]. On December 26, 2019 the Court Granted Plaintiff's Second Amended Motion for Extension of Time to Respond to the Defendants' pending Motions to Dismiss. [D.E. 16].

On January 1, 2020 Plaintiff filed her Motion to Remand [D.E. 19] based on Defendant TFM's failure to meet its burden that: 1) the amount in controversy exceeds $75,000; 2) TFM failed to timely remove the case; 3) Defendant Holliday failed to join in TFM's Notice of Removal; 4) that TFM failed to show that Holliday was fradulently joined. Plaintiff's Motion to Remand is currently pending and should be Granted by the Court, thus rendering Defendants' Motions to Dismiss filed in the District Court moot as a matter of law.

On January 3, 2020 Plaintiff filed a notice of Voluntary Dismissal without prejudice as to Defendant Holliday [D.E. 20], thus Holliday's Motion to Dismiss [D.E. 5] is moot as a matter of law.

On January 17, 2020 the Court Granted Defendant's Motion to Stike Plaintiff's Combined Response To Defendants' Motions To Dismiss And Motion For Leave To Amend And

2

Memorandum Of Law In Support filed January 3, 2020 and Ordered Plaintiff to respond to Defendants' Motions to Dismiss by January 24, 2020 [D.E. 27]. Plaintiff timely responded to Defendants' Motions to Dismiss on January 24, 2020 [D.E. 30].

After confering with Defense Counsel on January 28, 2020, Plaintiff files this Second Amended Response to Defendants' Motions to Dismiss and Memorandum of Law in Support which removes a request for leave to amend that was inadvertently included in [D.E. 30 p. 7 section II (F)] in an abundance of caution and in compliance with the Court's Order [D.E. 27].

## II. LEGAL STANDARD AND ARGUMENT

### A. TFM's Motion is Untimely and Should be Denied.

While this action was pending in the state court, Defendant TFM failed to respond to Plaintiff's original Complaint and failed to obtain an Order on its Motion for Extension of Time directed to the original Complaint. Further Defendant TFM failed to respond to Plaintiff's Amended Complaint or move for an Extension of Time to Respond to the Complaint. Accordingly, Plaintiff was forced to file an Application for Default in the state court proceedings. See [D.E. 1-4 p. 28].

Fed. R. Civ. P. 81(c) specifies the procedure to be followed after removal. If the defendant has not answered at the time of removal, Rule 81(c)(2)(C) requires an answer, defenses, or objections within the longer of 21 days after service or receipt of the initial pleading or summons or 7 days after the filing of the notice of removal.

In this case, TFM filed its Notice of Removal on December 2, 2019 and did not file its Motion to Dismiss Amended Complaint or Alternatively Motion for More Definite Statement until December 12, 2019, 10 days after it removed the case to Federal Court. See generally [D.E. 1 and 8]. Further, TFM failed to apply for an extension of time to respond to Plaintiff's Amended

Complaint after this Court assumed jurisdiction. Accordingly, TFM's Motion to Dismiss Amended Complaint or Alternatively Motion for More Definite Statement is untimely filed without good cause shown and therefore should be Denied.[1]

### B. Alleged "Key Factual Deficiencies" in the Amended Complaint

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Yet, where the allegations "possess enough heft" to suggest a plausible entitlement to relief, the case may proceed. *See id.*, at 557. "[T]he standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the required element." *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008) (citation omitted). "And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.' "*Twombly*, 550 U.S. at 556 (citation omitted).

In the instant case, TFM argues that the allegations in Plaintiff's Amended Complaint "do not rise beyond the speculative level, leaving [TFM] guessing as to what it has been sued for and why." [D.E. 8 p. 5]. TFM goes on to state in its Motion that "at the very least, Plaintiff should be

---

[1] Both Defendants Holliday and TFM are represented by the same attorney, however, only Holliday served a timely motion to dismiss pursuant to Rule 81(c).

required to allege what the purported condition was that she claims caused her to fall and what facts support that Defendant breached any legal duty owed to Plaintiff." [D.E. 8 p. 6]. Essentially, TFM is inviting the Court to impose the heightened pleading standard contained in Rule 9(b). This argument has already been rejected in similar cases. *See Deltoro v. Fresh Market, Inc.*, No. 14-61210-Civ-Scola, 2014 WL 11776942, at *1 (S.D. Fla. Nov. 25, 2014) (Scola, J.); *Muzaffar v. Ross Dress for Less, Inc.*, No. 12-61996-Civ, 2013 WL 1890274, at *2 (S.D. Fla. May 7, 2013)(Scola, J.). Once again, Rule 9(b) does not apply to a simple negligence case such as this. *See Zarrella v. Pac. Life Ins. Co.*, 755 F. Supp. 2d 1218, 1223 (S.D. Fla. 2010) (Cohn, J.) ("Rule 9(b) only applies to claims based on fraud or mistake."). "Accordingly, the Plaintiff's allegations are sufficient, and the Defendants' argument is not well-taken. If they wish to learn such details about the Plaintiff's incident, the Defendants are free to engage in discovery." *Kohli v. Pembroke Lakes Mall, LLC*, No. CV 17-60967-CIV, 2017 WL 4863089, at *2 (S.D. Fla. Oct. 26, 2017).

In this case, Plaintiff's Amended Complaint clearly states that she slipped and fell to the floor after stepping in a liquid substance as she was walking in the aisle near the beer and frozen food sections. See [D.E. 1-5 ¶ 9]. Further, Plaintiff's Amended Complaint clearly itemizes the manner in which TFM negligently breached the duties of care owed to Plaintiff by failing to remedy the dangerous condition which TFM knew or should have known about. See [D.E. 1-5 ¶¶ 12-14][2]. To the extent TFM needs more information about the slip and fall that occurred at its store, additional allegations are included in Plaintiff's proposed Second Amended Complaint, and TFM is free to engage in discovery.

### C. Constructive Notice

---

[2] Plaintiff's Amended Complaint contains scrivener's errors with respect to improper pronouns in paragraphs 12-14; and 17-19. Plaintiff is female.

TFM's Motion to dismiss claims that Plaintiff has failed to properly plead constructive notice because "there are no allegations regarding the length of time the dangerous condition existed prior to the injury." [D.E. 8 p. 7]. This is inaccurate, as Plaintiff's Amended Complaint clearly states that TFM had constructive knowledge of the dangerous condition created by the liquid substance on the floor "because the dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition, and/or the condition occurred with regularity and was therefore foreseeable." See [D.E. 1-5 ¶ 14].

### D. Failure To Warn

Defendant TFM's Motion to Dismiss improperly relies upon a scriveners error in the Amended Complaint to support its argument that Plaintiff's Amended Complaint fails to state a cause of action to support a claim for failure to warn. [D.E. 8 p. 8](citing Amended Complaint ¶12.b). Plaintiff has sought leave to file a Second Amended Complaint in a separate motion [D.E. 29] to correct the scrivener's error and further clarify the cause of the fall as a latent condition.

### E. Abolition Of Negligent Mode Of Operation

Defendant's Motion to Dismiss misinterprets the purpose of paragraph 12 of Plaintiff's Amended Complaint as bringing a cause of action for negligent Mode of Operation [D.E. 8 pp. 8-9] and relies primarily on *Woodman v. Bravo Brio Restaurant Group, Inc*., No. 6:14–cv–2025–Orl–40TBS, 2015 WL 1836941 (M.D. Fla. Apr. 21, 2015) for the proposition that the Court should dismiss Plaintiff's negligent mode of operation claims with prejudice.

To be clear, Kelley's Amended Complaint, does not contain a cause of action for negligent mode of operation. The allegations which are the subject of TFM's Motion to Dismiss are not susceptible to the sole interpretation of a claim for negligent mode of operation. The allegations in

the Amended Complaint ¶12 pertain to the condition of the floor, constructive knowledge of the transitory substance on it, and the breach of duty to address it on that day as well as whether Defendant breached its duty owed to Plaintiff by failing to properly train its employees if it did have constructive knowledge of the transitory substance. The allegations in those paragraphs do not seek to avoid the actual or constructive knowledge requirement and do not necessarily preclude it. In such cases, the District Court has held that the striking of such paragraphs "is not justified based on Defendant's concerns that a mode of operation claim might have been pleaded. Unlike *Woodman*, where the abrogated claim for negligent mode of operation was specifically pleaded, here there are no specific allegations of such a claim." *Matias v. Dollar Tree Stores, Inc.,* No. 617CV1422ORL40GJK, 2017 WL 5632721, at *2 (M.D. Fla. Nov. 6, 2017), *report and recommendation adopted*, No. 617CV1422ORL40GJK, 2017 WL 5610545 (M.D. Fla. Nov. 21, 2017).

### F.   More Definite Statement and Motion To Strike Pre-Judgment Interest

Plaintiff's prayer for relief in the Amended Complaint is a request for post-judgment interest.  Plaintiff has sought leave to file a Second Amended Complaint in a separate motion [D.E. 29] to clarify the request for post-judgment interest.

### III. CONCLUSION & REQUEST FOR RELIEF

Based on the foregoing Defendant Holliday's Motion to Dismiss [D.E. 5] should be denied as Moot since he was voluntarily dismissed by Plaintiff and Defendant TFM's Motion to Dismiss [D.E. 8] should be Denied because it is both untimely filed without a showing of Good Cause and for the substantive reasons set forth *supra*.

**WHEREFORE**, Plaintiff, Katherine Kelley, respectfully requests that the Court:

(1) Deny Defendant Holliday's Motion to Dismiss as Moot;

(2) Deny Defendant TFM's Motion to Dismiss Amended Complaint or Alternatively Motion for More Definite Statement;

(3) Grant any such further relief the Court deems appropriate.

Respectfully Submitted,

*/S/ Michael C. Woodard*
Michael C. Woodard, Esquire
FBN 100089
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone:    (407) 420-1414
Facsimile:    (407) 452-1630
Email: mwoodard@forthepeople.com
Trial Counsel for Plaintiff

**CERTIFICATE OF GOOD FAITH CONFERENCE**

Pursuant to Local Rule 3.01(g), this Second Amended Response to Defendants' Motions to Dismiss and Memorandum of Law in Support is made following a good faith conference that took place on January 28, 2020. On this date, counsel for Plaintiff and counsel for Defendant had a discussion via email and the parties were unable to agree to the relief sought.

*/S/ Michael C. Woodard*
Michael C. Woodard, Esquire

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this this Second Amended Response to Defendants' Motions to Dismiss and Memorandum of Law in Support has been served this day via email to: Michael Alexander Garcia / William A. Potucek, FOWLER WHITE BURNETT, P.A., Brickell Arch, 14th

8

Floor, 1395 Brickell Avenue, Miami, FL  33131 (mgarcia@fowler-white.com; wpotucek@fowler-white.com; golivares@fowler-white.com; wlezcano@fowler-white.com).

Dated:  January 28, 2020                        */S/ Michael C. Woodard*
                                            Michael C. Woodard, Esquire

9